COPIES SENT **ORIGINAL**

3/3/03   KDY
Date      By



MAR 3 2003

AT ___ O'CLOCK ___
Lawrence K. Baerman, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    Plaintiff,

v.

MACRODYNE, INC.,

    Defendant.

**STIPULATION
OF
COMPROMISE SETTLEMENT**

Civil Action No. 02-CV-1315 (NPM/DRH)

IT IS HEREBY STIPULATED by plaintiff, UNITED STATES OF AMERICA, and defendant, MACRODYNE, INC., by their respective attorneys, as follows:

1. That the parties agree to settle and compromise this action upon the terms stated herein.

2. That defendant, MACRODYNE, INC. (Macrodyne), will pay the United States, pursuant to the terms of this agreement, a total sum of $17,000 (Seventeen Thousand Dollars), and that defendant will repair the two model 3107 Frequency Domain Processors. The terms of this Stipulation of Compromise Settlement are as follows:

a. Macrodyne will immediately pay the sum of $3,000 (Three Thousand Dollars);

b. Macrodyne will pay an additional sum of $3,000 (Three Thousand Dollars) by March 15, 2003;

c. Macrodyne will pay the remaining sum of $11,000 (Eleven Thousand Dollars) by July 30, 2003;

d. On or about July 30, 2003, and upon the receipt of the remaining payment described in paragraph "2.c." above, NASA shall ship and Macrodyne shall take possession of the two 3107 Frequency Domain Processors, and repair both processors with return delivery to NASA within 45 days of receipt of the instruments by Macrodyne.

e. All payments made by Macrodyne shall be made payable to the United States Department of Justice and shall be sent to the United States Attorney's Office, P.O. Box 7198, Syracuse, New York 13261-7198.

3. Macrodyne warrants that currently it is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and will remain solvent following its payment to the United States of the Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Macrodyne within the meaning of 11 U.S.C. § 547(c)(1); and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended

and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay, or defraud any entity to which Macrodyne was or became indebted, on or after the date of this transfer, all within the meaning of 11 U.S.C. § 548(a)(1).

4. If, within 91 days of the effective date of this Agreement, Macrodyne commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors, (a) seeking to have any order for relief of Macrodyne's debts, or seeking to adjudicate Macrodyne bankrupt or insolvent, or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Macrodyne or for all or any substantial part of Macrodyne's assets, Macrodyne agrees as follows:

a. Macrodyne's obligations under this Agreement may not be avoided pursuant to 11 U.S.C. §§ 547 or 548, and Macrodyne will not argue or otherwise take the position in any such case, proceeding, or action that: (i) Macrodyne's obligations under this Agreement may be avoided under 11 U.S.C. §§ 547 or 548; (ii) Macrodyne was insolvent at the time this Agreement was entered into, or became insolvent as a result of the payment made to the United States hereunder; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Macrodyne.

b. If Macrodyne's obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may bring any civil and/or administrative claim, action, or proceeding against Macrodyne for the claims contained in the complaint.

Macrodyne agrees that (i) any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceeding described in the first clause of this Paragraph, and that Macrodyne will not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay; (ii) that Macrodyne will not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceeding which are brought by the United States except to the extent such defenses were available on the date of the complaint in this matter, and the United States may pursue its claim in the matter as well as in any other case, action, or proceeding.

    c. Macrodyne acknowledges that its agreements in this Paragraph are provided in exchange for valuable consideration provided in this Agreement.

5. This Stipulation is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute arising between the parties under this Stipulation will be the United States District Court for the Northern District of New York.

6. This agreement is binding upon Macrodyne's successors, transferees, and assigns.

Dated: February 25, 2003

_____
CARL W. ENGSTROM, ESQ.
HERZOG LAW FIRM
Attorneys for Defendant
7 Southwoods Boulevard
Albany, New York 12211
Bar Roll No. _____

4

                                                GLENN T. SUDDABY
                                                UNITED STATES ATTORNEY

Dated: _FEB 28 03_

BY:   _____
     JAMES C. WOODS
     ASSISTANT U.S. ATTORNEY
     Attorney for Plaintiff
     United States Attorney's Office
     James T. Foley U.S. Courthouse
     445 Broadway, Room 218
     Albany, New York 12207
     Bar Roll No. 102843

SO ORDERED:

Dated: _3/3/03_

                                      _____
                                      HON. GUSTAVE J. DiBIANCO
                                      U.S. MAGISTRATE JUDGE